IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STEPHANIE BATES,                      §
                                      §
                Plaintiff,            §
                                      §
V.                                    §          No. 3:25-cv-1831-E-BN
                                      §
CALIBER HOLDINGS LLC,                 §
                                      §
                Defendant.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

On September 4, 2025, Plaintiff Stephanie Bates, proceeding *pro se*, filed a Motion for Leave to File Second Amended Complaint. *See* Dkt. No. 21.

Defendant Caliber Holdings, LLC filed a response. *See* Dkt. No. 27. Caliber asked the Court to deny Bates's motion for leave because Bates's second complaint (1) did not include a copy of the proposed amended complaint and (2) added only futile claims. *See id.*

On October 27, 2025, Bates filed a Motion for Leave to File Third Amended Complaint. *See* Dkt. No. 29. And Caliber filed a Motion for Leave to File First Amended Answer to Plaintiff's Amended Petition. *See* Dkt. No. 30.

For the reasons discussed below, the Court should grant in part and deny in part Bates's Motion for Leave to File Third Amended Complaint [Dkt. No. 29]. And it should deny Bates's Motion for Leave to File Second Amended Complaint [Dkt. No. 21] and Caliber's Motion to Leave to File First Amended Answer to Plaintiff's Amended Petition [Dkt. No. 30] as moot.

## Procedural History and Background

Bates initiated this lawsuit against Caliber in the 160th District Court of Dallas County, Texas, Cause No. DC-25-08750, on June 6, 2025. After answering Bates's First Amended Original Petition (filed June 10, 2025) in the state court action, Caliber removed the action, *see* Dkt. No. 1, and provided notice to the state court on July 11, 2025, *see* Dkt. No. 13.

And the Court previously stated that it will consider Bates's First Amended Original Petition as her live pleading since it was the live petition at the time of removal. See Dkt. No. 16 at 3.

In her First Amended Petition, Bates asserted claims under Section 704(a) of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act ("GINA"), and the Equal Pay Act ("EPA"). *See* Dkt. No. 1-4 at 30; Dkt. No. 28 at 15.

On August 19, 2025, Bates filed a Second Amended Complaint. *See* Dkt. No. 17. The complaint includes the claims from the First Amended Petition and adds claims for retaliation and hostile work environment under Chapter 21 of the Texas Labor Code. *See* Dkt. No. 17 at 2-3; Dkt. No. 28 at 18. The complaint also references claims under the Age Discrimination in Employment Act ("ADEA") and the Pregnant Workers Fairness Act ("PWFA"). And the complaint adds new factual allegations. *See* Dkt. No. 17 at 12-13; Dkt. No. 28 at 29-30.

Because the pleading was not authorized, the Court ordered Bates to file a motion for leave. *See* Dkt. No. 20.

On September 4, 2025, Bates filed a Motion for Leave to File Second Amended Complaint. *See* Dkt. No. 21.

Caliber responded, arguing that the Court should deny the motion because (1) Bates did not attach a copy of her proposed amended complaint to the motion, in violation of Local Civil Rule 15.1, and (2) Bates's new claims – assuming that her Second Amended Complaint [Dkt. No. 17] is her proposed amended complaint – are futile. *See* Dkt. No. 27.

Bates filed a reply and clarified that her motion for leave pertains to the Second Amended Complaint [Dkt. No. 17] that she filed on August 19, 2025. *See* Dkt. No. 28. She attached the First Amended Petition and the Second Amended Complaint to the reply. *See id* at 18.

And, so, the undersigned finds that Bates is now in compliance with Rule 15.1.

On October 27, 2025, before the Court ruled on the motion, Bates filed a Motion for Leave to File Third Amended Complaint. *See* Dkt. No. 29.

On the same day, Caliber filed a Motion for Leave to File First Amended Answer to Plaintiff's Amended Petition. *See* Dkt. No. 30. The proposed Amended Answer responds to Bates's First Amended Petition [Dkt. No. 1-4] because it is the live pleading at this time.

Bates's proposed Third Amended Complaint maintains the same facts and claims as her Second Amended Complaint. *Compare* Dkt. No. 17 *and* Dkt. No. 29 at 4-16. It adds only new factual allegations. *See* Dkt. No. 29 at 9-16.

Because Caliber wrote its response [Dkt. No. 27] under the correct assumption

that Bates sought to file her Second Amended Complaint, the undersigned addresses each of Bates's new claims in her Second (and Third) Amended Complaints and finds that they are futile.

And, because the new facts in the Third Amended Complaint do not further support the claims that Caliber challenges in its response to the Second Amended Complaint – that is, they do not change the undersigned's conclusion that her new claims are futile – the undersigned can conduct its analysis herein without a response from Caliber to the proposed Third Amended Complaint.

## Legal Standards

Federal Rule of Civil Procedure 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

One such reason is futility: "If the [pleading], as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

The futility analysis "mimics that of a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6). *Id*. So, in a civil case, "the court must determine whether

the plaintiff has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' such that he has "'state[d] a claim to relief that is plausible on its face.'"" *Id*. at 388-89 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in turn, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

The United States Supreme Court "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014)), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v.*

*Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp.*, 550 U.S. at 570, and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

But courts often look warily at efforts to preempt an analysis of a new cause of action in the context of a dispositive motion by denying leave in the Rule 15(a) context on the basis of futility. *See Reneker v. Offill*, No. 3:08-cv-1394-D, 2011 WL 1427661, at *1 (N.D. Tex. Apr. 13, 2011) ("[T]he court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." (internal quotation marks omitted)).

Courts generally only deny a proposed amendment as futile where the cause of action is not, in fact, newly pleaded or where a new cause of action fails as a matter of law – that is, cannot be stated, rather than simply has not been sufficiently stated in the proposed amended complaint. See *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) ("When futility is advanced as the reason

for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint.").

## Analysis

Although the undersigned has set out the familiar Rule 12(b)(6) standards above, it bears repeating that the motion before the undersigned is one for leave to file an amended complaint. Such a motion is "not meant to resolve disputed facts or test the merits of a lawsuit" but "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell*, 974 F.3d at 581.

So, undertaking the analysis below, the undersigned remains "mindful of [the] obligation to accept [the amended] complaint's factual allegations as true and assess whether those facts permit a reasonable inference that [Caliber] is liable." *Id.*

## I. Bates's Chapter 21 hostile work environment claim is futile.

The undersigned will address the alleged violations of Chapter 21 under the federal legal framework, considering that "[a] purpose of Chapter 21 is to execute the policies embodied in Title VII" and other federal statutes. *Green v. Costco Wholesale Corp.*, No. 3:15-cv-1868-N, 2017 WL 10110295, at *3 n.2 (N.D. Tex. May 30, 2017) (citing *Allen v. Solo Cup Co.*, No. 3:05-cv-848-R, 2006 WL 1949455, at *4 (N.D. Tex. July 13, 2006); TEX. LABOR CODE §§ 21.001, 21.002, 21.003, 21.006); *accord Khalfani v. Balfour Beatty Cmtys., L.L.C.*, 595 F. App'x 363, 365 n.1 (5th Cir. 2014) (per curiam) ("The legal framework governing claims under [Chapter 21] is the

same as for claims brought under Title VII." (citations omitted)).

"Hostile work environment is a specific discrimination claim under Title VII," *Hudson v. Lincare, Inc.*, 58 F.4th 222, 229 (5th Cir. 2023) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 18-19 (1993)), as well as under the ADA and the ADEA, *see, e.g.*, *Boyd v. Monroe City Hall*, No. 3:20-CV-01473, 2021 WL 1305385, at *7 (W.D. La. Mar. 8, 2021) ("Title VII, the ADA, and the ADEA all encompass claims for a hostile work environment." (citing *Rogers v. E.E.O.C.*, 454 F.2d 234, 238-39 (5th Cir. 1971) (Title VII); *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235-36 (5th Cir. 2001) (ADA); *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011) (ADEA))), *rec. accepted*, 2021 WL 1299204 (W.D. La. Apr. 7, 2021).

The elements of a hostile work environment claim are "(1) membership in a protected group; (2) harassment (3) based on a factor rendered impermissible by [the applicable statute]; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment yet failed to address it promptly." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 654 (5th Cir. 2012) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).

So "[a] hostile work environment exists when the workplace is 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment.'" *Johnson v. Halstead*, 916 F.3d 410, 417 (quoting *Harris*, 510 U.S. at 21); *accord Hudson* 58 F.4th at 229.

Courts in this circuit apply "an objective 'reasonable person' standard to evaluate severity and pervasiveness." *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731

F.3d 444, 453 (5th Cir. 2013) (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)). This inquiry "requires that the court consider 'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 400 (5th Cir. 2021) (quoting *Harris*, 510 U.S. at 23). But "no single factor is required." *Harris*, 510 U.S. at 23.

Caliber argues that Bates does not allege that she is part of a protected class or that she was subject to harassment based on her membership in a protected class. *See* Dkt. No. 27 at 16.

In her reply, Bates points out that she alleges that her manager "was saying things like 'you're retarded, that's retarded, this is retarded' while knowing [Bates] ha[s] a son with special needs." Dkt. No. 17 at 7; Dkt. No. 28 at 24; *see id.* at 2.

Disability is a protected class under Chapter 21. *See Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 520 (5th Cir. 2021). But the Fifth Circuit has not recognized a "claim under only [Chapter 21] … for disability discrimination based on an individual's association with a person with a disability." *Spinks v. Trugreen Landcare, L.L.C.*, 322 F. Supp. 2d. 784, 795 (S.D. Tex. 2004).

The ADA includes a provision prohibiting discrimination "because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." *Id.* (citing 42 U.S.C. § 12112(b)(4)). But Chapter

21 does not include such a provision. And, so, courts in this circuit have held that "[t]he plain language of [Chapter 21], as opposed to the plain language of the ADA, indicates that the Texas legislators did not intend to include the provision for association." *Id.* (citing *Shadow v. Cont'l Airlines, Inc.,* No. 04-02-00930-cv, 2003 WL 22187139, at *2–4 (Tex. App.—San Antonio Sept. 24, 2003, no pet. h.) (mem. op.); *see also Ruiz v. Edcouch-Elsa Indep. Sch. Dist.*, No. 7:13-cv-443, 2014 WL 1385877, at *2 (S.D. Tex. Apr. 9, 2014).

But, even if the Fifth Circuit recognized a cause of action for association under Chapter 21, Bates has not alleged sufficient facts for the undersigned to reasonably infer that she was harassed because of her son's disability. The only actions that Bates alleges are based on her son's disability – her manager saying "you're retarded, that's retarded, this is retarded" – occurred once, on April 12, 2024. Dkt. No. 17 at 7; Dkt. No. 28 at 24. One occurrence of a statement, however offensive, does not rise to the level of pervasive harassment. *See also Thompson v. Microsoft Corp.*, 2 F.4th 460, 471 (5th Cir. 2021) ("[I]nsensitive statements" that are "no more than 'a few harsh words'" "do not give rise to a hostile-work-environment complaint.").

Bates also alleges that she went on short-term disability leave twice – from January 9 to January 29, 2025, and again on January 30, 2025. *See* Dkt. No. 17 at 12; Dkt. No. 28 at 29.

As discussed above, disability is a protected class. But her statement that she went on disability leave is not specific enough to allege that she had a disability for purposes of Chapter 21.

Bates's Third Amended Complaint adds that she has Attention Deficit/Hyperactivity Disorder ("ADHD"). *See* Dkt. No. 29 at 14. But Bates does not allege whether her ADHD substantially limits her life activities or has been treated with medication. *See Lewis v. D.B.I. Servs.*, 397 F. Supp. 3d 902, 904 (W.D. Tex. 2019) (cleaned up).

Bates also does not allege events that occurred after taking disability leave that rise to the level of severe harassment.

And, even if Bates had a disability and the events occurring after January 9, 2025 were harassment, she does not allege that Caliber or its employees took actions or made statements based on or because of her disability.

Insofar as Bates makes other factual allegations that purport to show harassment – such as comments that were "derogatory" and "made in a specific tone" – she does not allege that those comments were made on the basis of disability or another trait protected by Chapter 21. Dkt. No. 17 at 11, 10; Dkt. No. 28 at 28, 27. And, under the totality of the circumstances, the alleged conduct does not amount to "the sort of 'severe or pervasive' harassment that is required for a hostile work environment claim." *Hackett v. United Parcel Serv.*, 736 F. App'x 444, 450 (5th Cir. 2018) (quoting *Hernandez*, 670 F.3d at 651).

To her Third Amended Complaint, Bates adds that she "took this job at Caliber Auto Glass because [she] was told by [her manager and supervisor] it was a work from home position and that [she] had a son with special needs and working from home allowed [her] to be close to his school in case of an emergency." Dkt. No. 29 at

10. And she alleges that she "was being made to come into the office because [her manager] got in trouble … for not having an answer to the questions she was being asked by them." *Id.* at 10-11.

These new facts are not sufficient to allege that Bates was harassed on the basis of her son's, or her own, disability.

Because Bates has not alleged facts supporting her assertion that she was "subject to pervasive and severe harassment based on her protected characteristics," she fails to make a *prima facie* case of hostile work environment under Chapter 21. Dkt. No. 17 at 3; Dkt. No. 28 at 20.

And, so, the Court should find that her hostile work environment claim is futile and should deny Bates's motion for leave [Dkt. No. 29] to the extent that her Third Amended Complaint seeks to add that claim.

## II.    Bates's Chapter 21 retaliation claim is futile.

"In the retaliation context, a *prima facie* case requires a showing that (1) [the plaintiff] engaged in a protected activity pursuant to one of the statutes, (2) an adverse employment action occurred, and (3) there exists a causal link connecting the protected activity to the adverse employment action." *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 321 (5th Cir. 2014) (citation omitted).

A protected activity includes (1) opposition to any practice rendered unlawful by Chapter 21 and (2) participation in an investigation, proceeding, or hearing under Chapter 21 or making a charge, testifying, or assisting in such activity. *See Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 492 (5th Cir. 2011); TEX. LABOR CODE §

21.055.

Internal complaints regarding perceived discrimination may constitute a protected activity for purposes of alleging a retaliation claim. *See Rodriguez v. Wal-Mart Stores, Inc.*, 540 F. App'x 322, 328 (5th Cir. 2013) (per curiam) ("An employee that files an internal complaint of discrimination engages in a protected activity." (citing *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 194 (5th Cir. 2001))); *see also Walker v. Univ. of Tex. Med. Branch – Galveston*, No. 3:17-CV-00313, 2018 WL 3850827, at *4 (S.D. Tex. July 3, 2018) (noting that courts in this circuit "uniformly hold that an informal complaint must reference a discriminatory practice to constitute a protected activity" (citations omitted)), *rec. adopted*, 2018 WL 3844691 (S.D. Tex. Aug. 13, 2018); *cf. Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (per curiam) ("Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." (collecting cases)).

But "a vague complaint, without any reference to an unlawful employment practice under [the statute], does not constitute protected activity." *Davis*, 448 F. App'x at 493 (collecting cases); see also *EEOC v. Omni Hotels Mgmt. Corp.*, 516 F. Supp. 2d 678, 705-06 (N.D. Tex. 2007) ("Vague concerns and even vague assertions of discrimination are not sufficient to constitute an opposition to an unlawful employment practice." (collecting cases)).

Caliber contends that Bates's retaliation claim is futile because she fails to allege that (1) "she engaged in any activity protected by" Chapter 21 or that (2) "she

experienced any adverse employment action that is casually connected to any alleged protected activity."

The undersigned agrees that Bates does not allege that she engaged in protected activity.

In her Second Amended Complaint, Bates alleges that, on three occasions in April of 2024, she "reported to [Human Resources ("HR")] the things that were being said by [her manager] regarding her … saying, 'this is retarded, that is retarded, you're retarded' and that [she] had advised [her manager] several times that [she] had a son with disabilities." Dkt. No. 17 at 8; Dkt. No. 28 at 25. Bates also alleges that she "was being singled out because [she] had gone to [HR] previously due to the way [she] was being treated by [her manager and supervisor]." *Id.*

A complaint to human resources can be a protected activity for the purposes of a retaliation claim. But, as explained above, association with an individual with a disability is not a recognized protected category under Chapter 21.

And Bates does not allege that she made internal complaints about discrimination based on her own disability, if any.

And, so, Bates's internal complaints to human resources, as alleged, are not protected activities because they did not "reference … an unlawful employment practice under" Chapter 21. *Davis*, 448 F. App'x at 493.

The undersigned also agrees that Bates fails to allege a causal connection between an adverse employment action and a protected activity, even if the Court assumed that Bates's internal complaints were protected activities.

Bates alleges that "[her supervisor] was continuously looking for other things to get onto me about which is harassment and retaliation for me going to HR and making a formal complaint four times or more regarding the way I was being treated." Dkt. No. 17 at 11; Dkt. No. 28 at 28. Bates also alleges that she lost access to Caliber's systems in January of 2025, after her complaints to human resources in April of 2024. Dkt. No. 17 at 10; Dkt. No. 28 at 29.

Either allegation supports an inference that she was subject to an adverse employment action.

But Bates does not allege that her supervisor, manager, or the decision-maker who terminated her access to the system knew about her complaints to human resources. If a decision-maker has no knowledge of the protected activity, there can be no causal link. *See Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001) ("A 'causal link' is established when the evidence demonstrates that 'the employer's decision to terminate was based in part on knowledge of the employee's protected activity." (cleaned up)); *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 168 (5th Cir. 1999) ("If an employer is unaware of an employee's protected conduct at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct.").

Bates new allegations in her Third Amended Complaint that she "was being made to come into the office because [her manager] got in trouble … for not having an answer to the questions she was being asked by them" do not support her claim that she faced retaliation for a protected activity. Dkt. No. 29 at 10-11.

And, so, Bates fails to make a *prima facie* case of Chapter 21 retaliation, and the Court should deny her motions to amend her complaint [Dkt. No. 29] to the extent that the Third Amended Complaint includes the retaliation claim.

### III.    Bates's ADEA and FPWA claims are futile.

Caliber contends that Bates included "references to new claims under the [ADEA] and the [PWFA].... Because these new and/or expanded causes of action are not addressed in her Motion (nor attached to her Motion for Leave as part of the amended complaint she seeks to file), Plaintiff should not be permitted to include these amendments in her subsequent filing, if any." Dkt. No. 27 at 8 n.2.

The undersigned disagrees. As explained above, when writing its response, Caliber correctly assumed that Bates seeks to file the Second Amended Complaint. And, so, Caliber knew "which pleading Plaintiff seeks to file by way of her Motion for Leave [and] what amendments it might contain." *Id.* at 8.

Caliber can, and did, respond to the merits of Bates's other proposed claims based, in part, on the contents of her Second Amended Complaint. And Bates's Third Amended Complaint adds only new facts that do not further support her new claims. And, so, Caliber is not prejudiced by Bates's decision to not explain the new additions in her motion for leave.

And Bates need not provide a legal theory for the claims she alleges. *See Johnson*, 574 U.S. at 12 ("Having informed [a defendant] of the factual basis for their complaint, [a plaintiff is] required to do no more to stave off threshold dismissal for want of an adequate statement of their claim," so a plaintiff need not "set out a legal

theory for the plaintiff's claim for relief." (cleaned up)).

To the extent that Bates references the ADEA and PWFA, the Court should not dismiss a claim under the statutes because Bates did not recite the elements of those claims or include the claims in her motion for leave.

And, so, the undersigned will evaluate whether Bates has alleged facts sufficient to state claims under the ADEA or the PWFA.

"The prima facie elements of a cause of action for violation of the ADEA are, the plaintiff: 1) is within the protected class; 2) is qualified for the position; 3) suffered an adverse employment decision; and 4) was replaced by someone younger or treated less favorably than similarly situated younger employees." *Saunders v. Hous. Foam Plastics*, No. SA-23-cv-00156-XR, 2023 WL 3313118, at *5 (W.D. Tex. May 5, 2023) (citing *Leal v. McHugh*, 731 F.3d 405, 410-11 (5th Cir. 2013)).

Bates does not state her age or allege that she is in the protected age class. And, although she alleges that she switched roles with a coworker, she does not allege that the coworker was younger than her. *See* Dkt. No. 17 at 9. Bates also does not allege that she was treated less favorably than any younger employees.

Bates's proposed Third Amended Complaint does not add any allegations that she is protected under the ADEA. *See* Dkt. No. 29.

And, so, Bates fails to make a *prima facie* case of discrimination under the ADEA.

The undersigned next turns to the PWFA, which "Congress intended ... to expand protections for pregnant employees and modeled [] largely off the

[ADA]." *Keiper v. CNN Am., Inc.*, No. 24-CV-875, 2024 WL 5119353, at *2 (E.D. Wis. Dec. 16, 2024) (citations omitted).

Bates does not allege that she was pregnant, had recently given birth, or had a medical condition related to childbirth. *See id.* at *3 ("Employers only face liability under the PWFA for failure to accommodate their employee's known limitations. 42 U.S.C. § 2000gg-1(1). '[T]he term "known limitation" means physical or mental condition related to, affected by, or arising out of pregnancy, childbirth, or related medical conditions ... ' 42 U.S.C. § 2000gg(4).").

Bates's proposed Third Amended Complaint does not add any allegations that she is protected under the PWFA. *See* Dkt. No. 29.

And, so, Bates fails as a matter of law to allege facts that would permit a reasonable trier of fact to find that Caliber violated the PWFA.

And the Court should deny Bates's motion to amend her complaint [Dkt. No. 29] to the extent that the Third Amended Complaint includes the PWFA claim.

Because all four of Bates's new claims would be futile, even with the new factual allegations in the Third Amended Complaint, the Court should deny Bates's motion for leave [Dkt. No. 29] to the extent that she seeks to add the new claims to the Third Amended Complaint.

And, so, it should grant the motion [Dkt. No. 29] only to the extent that Bates adds new factual allegations in support of her claims.

## Recommendation

While the undersigned acknowledges the lenient standard for granting leave

to amend, the Court is not required to permit an amendment when, as in this case, the factual allegations do not "[allow] the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Jernigan v. McMillan*, No. 3:22-cv-2580-N-BN, 2023 WL 5516315, at *2 (N.D. Tex. Aug. 3, 2023) (quoting *Ashcroft*, 556 U.S. at 678) (cleaned up).

And, "[a]s a general rule, a district court may dismiss a complaint on its own for failure to state a claim … 'as long as the procedure employed is fair.'" *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (cleaned up). "[F]airness in this context requires 'both notice of the court's intention and an opportunity to respond.'" *Id.*

Bates's new claims under Chapter 21, the ADEA, and the PWFA fail to state a claim for relief.

And so, the motion for leave [Dkt. No. 29] should be denied to the extent that Bates seeks to add Chapter 21 hostile work environment, Chapter 21 retaliation, ADEA, and PWFA claims to her Third Amended Complaint.

Leave to amend should be granted only as to the new facts that Bates adds to her Third Amended Complaint, including those that were added to the Second Amended Complaint and were repeated in the Third Amended Complaint. To the extent that the Third Amended Complaint references events that occurred after June 10, 2025 (the filing date of the First Amended Petition), the undersigned finds that those supplemental facts should be admitted under Federal Rule of Civil Procedure 15(d).

The Court should order the Clerk of the Court to enter the attached Third Amended Complaint [Dkt. No. 29 at 4-16] as Bates's live complaint and treat the Chapter 21, ADEA, and PWFA claims as dismissed.

If the Court accepts the undersigned recommendations, it should deny the Motion for Leave to File Second Amended Complaint [Dkt. No. 21] as moot because its claims and facts are repeated in the Third Amended Complaint [Dkt. No. 29].

And, because the Third Amended Complaint would become Bates's live pleading, the Court should deny Caliber's Motion for Leave to File First Amended Answer to Plaintiff's Amended Petition [Dkt. No. 30] as moot. And it should order Caliber to answer Plaintiff's Third Amended Complaint.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 DATED: October 29, 2025

              _____

              DAVID L. HORAN
              UNITED STATES MAGISTRATE JUDGE